IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH GREGORY, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:21-CV-807-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Joseph Gregory, a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed with prejudice for mootness.

**I. BACKGROUND**

Petitioner is confined on pending criminal charges in Tarrant County, Texas, for continuous sexual abuse of a child under 14 years of age. Resp't's Resp. Ex. 1, ECF No. 8. In this bare-bones petition, Petitioner challenges the constitutionality of his extradition from Arkansas to Texas. Pet. 6, ECF No. 1. He cites the Court to the Fifth, Eighth, and Fourteenth Amendments, the Uniform Extradition Act, and "Texas art. 51.13." He explains that (any spelling, grammatical, and/or punctuation errors are in the original)

> [he] was arrested February 3 and unlawfully extradited May 6. Past 90 days, [he] was served governors warrant on April 29, 2021 and unlawfully extradited back May 6, 2021. Not given 30 days to petition governors warrant.

*Id.* Respondent argues that Petitioner's habeas challenge to his extradition is moot. The Court agrees.

## II. DISCUSSION

Despite the alleged illegality of his extradition, Petitioner in this case is not entitled to a writ of habeas corpus because he is already in the custody of the demanding state. "Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer [the] proper subject of any legal attack by him." *Siegel v. Edwards,* 566 F.2d 958, 960 (5th Cir. 1978). *See also Harden v. Pataki,* 320 F.3d 1289, 1299 (11th Cir. 2003) (quoting *Barton v. Norrod,* 106 F.3d 1289, 1299 (6th Cir. 1997)) (providing "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue"). Petitioner has already been returned to the demanding state, Texas; therefore, the legality of his extradition from Arkansas is moot.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice as moot.

**SO ORDERED** on this 21st day of October, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE